UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald W. Weber, | Case No. 16-cv-0332 (JNE/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Fay E. Fishman, Peterson & Fishman, P.L.L.P., 3009 Holmes Avenue South, Minneapolis, MN 55408 (for Plaintiff); and

Gregory G. Brooker, Acting United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Donald W. Weber's ("Weber") Petition for Attorney's Fees (Pet. for Att'y Fees at 1, ECF No. 25). This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Joan N. Ericksen, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the petition be **GRANTED**.

1

## II. BACKGROUND

Weber submitted his application for disability insurance benefits ("DIB") in September 2012.[1] (Tr. 13, 28.[2]) Weber's application was denied initially and again upon reconsideration. (Tr. 13, 79, 95, 112, 130.) Weber requested and received a hearing before an administrative law judge. ("ALJ"). (Tr. 13, 26-68, 145-146.) The ALJ issued an unfavorable decision on August 27, 2014. (Tr. 10-25.) Weber requested review of the ALJ's decision from the Appeals Council. (Tr. 6-9.) On December 9, 2015, the Appeals Council denied review and the ALJ's decision became final. (Tr. 1-4.) Weber initiated an action for judicial review on February 10, 2016. (Compl., ECF No. 1.) Cross motions for summary judgment were subsequently filed by Weber and Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security ("Commissioner"). (ECF Nos. 15, 17.)

On January 26, 2017, this Court issued an R&R, recommending that Weber's motion be granted in part and denied in part; the Commissioner's motion be denied; and this matter be remanded to the Commissioner for further proceedings. On February 2, 2017, the district court accepted the recommended disposition, and this matter was remanded to the Commissioner for further proceedings. (Feb. 2, 2017 Order at 1-2, ECF No. 23.)

Weber filed the instant petition for attorney fees on February 16, 2017, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Pet. for Att'y Fees at

---

[1] As noted in the Court's prior Report & Recommendation ("R&R), Weber applied for supplemental security income at the same time. (R&R at 2, ECF No. 20.) Only Weber's DIB application was at issue in these proceedings. (*See* R&R at 2.)
[2] The Court uses the abbreviation "Tr." to reference the Administrative Record. (ECF No. 11.)

1.) The Commissioner does not oppose the requested fees. (Def.'s Resp. at 1, ECF No. 28.)

### III. DISCUSSION

Weber seeks compensation for 38.8 hours of work performed by his attorney at the rate of $186.75 per hour for a total of $7,245.90. (Pet. for Att'y Fees at 4; *see* Ex. to Aff. of Fay E. Fishman, ECF No. 27-1.) As stated above, the Commissioner has no objection to the amount requested. (Def's. Resp. at 1.)

The EAJA provides in relevant part:

> (A) [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> (B) A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing . . . the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1).

Weber bears the burden to establish he was a "prevailing party" under the EAJA. *McGrath v. Astrue*, No. 10-cv-4192 (ADM/SER), 2012 WL 4898276, at *2 (D. Minn. Oct. 1, 2012), *adopting report and recommendation*, 2012 WL 4903288 (D. Minn. Oct. 16, 2012); *Moala v. Astrue*, No. 06-cv-1531 (JNE/SRN), 2008 WL 508501, at *2 (D. Minn. Feb. 21, 2008); *see Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). Here, the district court granted Plaintiff's motion in part, vacating the Commissioner's decision as to steps three through five of the five-step, sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)(4), and remanding the matter for further administrative proceedings. (Feb. 2, 2017 Order at 1-2.) This remand was in accordance with sentence four of 42 U.S.C. § 405(g), which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." "A sentence four remand makes a plaintiff a 'prevailing party' under the EAJA." *McGrath*, 2012 WL 4898276, at *2 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993)). Accordingly, Weber is a "prevailing party" for purposes of the EAJA. Moreover, the Commissioner does not challenge Weber's status as a prevailing party.

"Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position." *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citing 28 U.S.C. § 2412(d)(1)(A)). Thus, "[o]nce a party establishes that he

4

or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett*, 873 F.2d at 1155. Substantial justification is present when the Commissioner's position has a "clearly reasonable basis in law and fact." *Goad*, 398 F.3d at 1025. In response to this Court's R&R, the Commissioner stated that she had no objection to the R&R. (ECF No. 21.) In response to Weber's petition for attorney fees, the Commissioner did not attempt to show substantially justification for her position. (Def.'s Resp. at 1.) Rather, the Commissioner only stated there was no objection to the fees requested. (Def.'s Resp. at 1.) The Court finds that the Commissioner has not shown she was substantially justified in asserting her position. *See Moala*, 2008 WL 508501, at *1, 2 (finding Commissioner "implicitly conceded that his position was not substantially justified" where Commissioner's response "stated only that he had no objection to the requested fee"). Therefore, the Court finds attorney fees to be appropriate.

Since attorney fees are appropriate, this Court must determine the amount of the award. Attorney fees requested under the EAJA may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Weber requests that the statutory limit of $125.00 per hour be adjusted to account for the increased cost of living. To determine the adjustment, Weber proposes utilizing the consumer price index promulgated by the United States Department of Labor's Bureau of Labor Statistics. The Eighth Circuit Court of Appeals has approved using this measure for calculating cost-of-living increases for EAJA fee awards. *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Further,

the Commissioner has not challenged its use here. Given the uncontested consumer-price-index information submitted, the Court finds that the requested rate of $186.75 is reasonable when taking into account increases in the cost of living.[3] *Cf. Thielke v. Colvin*, 11-cv-3538 (SRN/LIB), 2013 WL 4501472, at *4 (D. Minn. Aug. 22, 2013) (approving hourly rate of $184.32 for same counsel in 2013). After reviewing the itemized time records from Weber's counsel, this Court finds it reasonable that counsel be compensated for 38.8 hours of work,[4] for a total amount of $7,245.90.

[Continued on next page.]

---

[3] The Court notes that Weber's counsel calculated the requested hourly rate by utilizing consumer price index information from May 2014. (Mem. in Supp. at 5, ECF No. 26.) It is not clear to this Court why counsel used the value from May 2014 when the work in this case took place in 2016 and 2017. (*See* Ex. to Fishman Aff.) In any event, it appears that the index used by counsel was slightly lower than the average of the consumer price index for midwest urban consumers during the months in which work was performed on this matter. *See* CPI-All Urban Consumers (Current Series), Bureau of Labor Statistics, U.S. Dep't of Labor, https://data.bls.gov/cgi-bin/surveymost?cu (select "Midwest Region All Items, 1982-1984=100 - CUUR0200SA0" and click "Retrieve data"; then change date range to 1996 to 2017 and click "Go."). The difference between the consumer price index for this area between March 1996 (151.7) and May 2014 (226.565) is 74.865 points. Comparatively, the difference between the consumer price index for this area as of March 1996 and the average of the collective indices from May through August 2016 and January through February 2017 (227.52) is 75.82 points.

[4] On August 8, 2016, there is an entry for 1.3 hours with the description "Judgment." (Ex. to Fishman Aff.) This entry corresponds directly with the date that the Commissioner filed her motion for summary judgment and appears to refer to counsel's review of said motion. (ECF No. 17.) Indeed, in the days following, counsel drafted, edited, revised and filed a reply brief. (Ex. to Fishman Aff.; ECF No. 19.)

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Attorney's Fees (ECF No. 25) be **GRANTED** in the amount of $7,245.90.

Date: April___6___, 2017                    _____*s/ Tony N. Leung*_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             For the District of Minnesota

                                             *Weber v. Berryhill*
                                             Case No. 16-cv-0332 (JNE/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.